Joshua C. Snable
**Snable Law Firm, LLC**
2112 11th Avenue South, Suite 528
Birmingham, Alabama 35202
T: (205) 939-0780
F: (205) 939-0789
E: jsnable@snablelaw.com
Attorney for Plaintiff,
*SaDonna Campbell*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA**

| | |
|---|---|
| SADONNA CAMPBELL,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT CORP. SOLUTIONS, INC., dba TASMAN CREDIT CORP.,<br><br>Defendant. | **Case No.**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. TCPA, 47 U.S.C. § 227<br>2. FDCPA, 15 U.S.C. § 1692<br><br>(Unlawful Debt Collection Practices) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff SaDonaa Capbell ("Plaintiff"), through her attorneys, alleges the following against Credit Corp. Solutions, Inc., dba Tasman Credit Corp. ("Credit Corp."):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic

dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq., which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendants transact business here; therefore, personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Hayden, Blount County, Alabama.

7. Plaintiff is a "consumer" as defined by *15 U.S.C. § 1692a(3).*

8. Defendant is a "debt collector" as defined by *15 U.S.C. § 1692a(6).*

9. Defendant is a financial institution with its principal place of business located in Sandy, UT. Defendant can be served with process through its designated agent, National Registered Agents, Inc., 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

11. Defendant is attempting to collect an alleged debt from Plaintiff.

12. On or about May 1, 2017, Defendant sent Plaintiff a collection letter in an attempt to collect on a consumer debt originating with Lending Club Corporation.

13. Plaintiff had questions about the alleged debt, and on May 30, 2017, faxed Credit Corp. a letter requesting validation of the debt.

14. The faxed validation request was sent to 1(855) 300-0355. Upon information and belief, that fax number belongs to Defendant.

15. Ms. Campbell received a fax confirmation after sending the validation letter.

16. Ms. Campbell's letter contained the following language:
    a. "If I receive any telephone calls from your company, I will consider them as harassment."
    b. "All communication with me should be in writing only, sent by certified mail, addressed to…"

17. On or about May 31, 2017, Credit Corp. sent Plaintiff a letter stating that they had verified the account information and provided the account details.

18. The May 31st letter did not provide any of the requested verification documents.

19. The May 31st letter further contained the language, "this is an attempt to collect a debt and any information…"

20. On June 15, 2017, Defendant began placing phone calls to Plaintiff's cellular phone despite having been told to communicate with Plaintiff in writing only.

21. On or about June 15, 2017 at 9:00 a.m., Plaintiff answered a call from Defendant originating from (205) 410-3464.

22. Plaintiff spoke with Defendant's representative, and Defendant's agent informed Plaintiff that it was attempting to collect a debt. During that call, Plaintiff unequivocally revoked consent to be called any further.

23. The phone call was Plaintiff's second revocation of consent to be contacted regarded the alleged debt.

24. In response to Credit Corp.'s incomplete debt validation and the newly incoming phone calls, Plaintiff sent a second fax to Credit Corp. dated June 22, 2017.

25. The June 22 fax requested specific documents from Credit Corp. such as a copy of the complete accounting of the sum certain allegedly owed, the original contract signed by Plaintiff, and Credit Corp.'s license to collect debts in Alabama.

26. Credit Corp. never responded to Plaintiff's June 22nd fax, and continued placing phone calls to Plaintiff's cellular phone.

27. Plaintiff received several phone calls from Credit Corp. to her cellular phone between June 15, 2017 and July 10, 2017. Those phone calls occurred after Plaintiff had revoked her consent to be called on multiple occasions.

28. The Federal Communications Commission ("FCC") noted in its 2003 TCPA Order that a predictive dialer is "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at

random, in sequential order, or from a database of numbers." *2003 TCPA Order*, 18 FCC Rcd at 14091, para. 131.

29. The FCC further explained that the "principal feature of predictive dialing software is a timing function, not number storage or generation." *Id*.

30. Finally, the FCC stated that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." *Id*. at 14091-92, paras. 132-33.

31. Defendant knowingly and intentionally called Plaintiff without consent.

32. The conduct was not only willful, but was done with the intention of causing Plaintiff such distress, so as to induce her to pay the debt.

33. Plaintiff was not employed at the time the calls were coming in which lead Plaintiff to a feeling of despair and helplessness since she knew she was unable to pay.

34. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, emotional and mental pain and anguish.

35. Defendant's conduct induced stress, anxiety, and embarrassment in her daily routines and duties.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendants knowing and/or willfully violated the TCPA.

38. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendants knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### (Violations of the FDCPA, 15 U.S.C. § 1692)

39. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

40. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

41. Defendant violated the FDCPA by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of Title 15 of the United States Code (Fair Debt Collection Practices Act).

42. Defendant violated 15 U.S.C. § 1692d(5), by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass the person at the called number.

43. Defendant violated 15 U.S.C. § 1692c(c), which states that after a, "consumer notifies a debt collector in writing… that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer."

44. Defendant violated 15 U.S.C. § 1692g(b), which states that when a consumer notifies a debt-collector that they dispute a debt, the collector may not continue to attempt to collect the debt until the debt-collector obtains verification of the debt and sends that verification to the consumer.

45. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

46. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff SaDonna Campbell respectfully requests judgment be entered against Defendant, Credit Corp. Solutions, Inc. dba Tasman Credit Corp., for the following:

 A. Declaratory judgment that Defendant violated the TCPA;

 B. Declaratory judgment that Defendant violated the FDCPA;

 C. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

 D. Actual Damages pursuant to 15 U.S.C. 1692k(a)(1); and

 E. Statutory damages of $1,000.00 pursuant to 15 U.S.C. 1692k; and

 F. Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(3)

 G. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

 H. Any other relief that this Honorable Court deems appropriate.

1 | RESPECTFULLY SUBMITTED,

2

3 |    Dated: December 21, 2017

By:*/s/ Joshua Snable*

Joshua C. Snable
**Snable Law Firm, LLC**
2112 11th Avenue South, Suite 528
Birmingham, Alabama 35202
T: (205) 939-0780
F: (205) 939-0789
E: jsnable@snablelaw.com
Attorney for Plaintiff,
*SaDonna Campbell*